# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN ANTHONY WALCOTT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6710** |
| **SHERIFF JERRY LARPENTER, ET AL.** | **SECTION: "B"(1)** |

## O R D E R

Plaintiff filed a document entitled "Preliminary Injunction & Restraining Order." Rec. Doc. 12. He simultaneously filed identical documents in two of his other pending cases: Walcott v. Terrebonne Parish Consolidated Government, Civ. Action No. 17-1125 "S"(3), and Walcott v. Terrebonne Parish Medical Jail Staff, Civ. Action No. 17-6703 "G"(5).[1] He also filed a substantially similar document in a dismissed case which is currently on appeal: Walcott v. Terrebonne Parish Jail Medical Department, Civ. Action No. 16-15594 "B"(4).[2] While expressing no opinion as to the propriety of the motions filed in those other cases, this Court finds that the motion should be denied with respect to the instant case for the following reasons.

In this lawsuit, plaintiff claims that he has been subjected to religious discrimination based on the fact that he is an adherent of Islam. His instant motion, however, alleges a litany of other unrelated purported violations, such as jail officials (1) retaliated against him for filing grievances, (2) illegally searched his cell and confiscated his property, (3) improperly disciplined him, (4) gave him drugs and other substances to adversely affect his health, mood, cognitive powers, and sexual

---

[1] The motion filed in Civ. Action No. 17-6703 was denied. The motion filed in Civ. Action No. 17-1125 is currently pending before the United States District Judge.
[2] The motion filed in Civ. Action No. 16-15594 was dismissed as moot.

drive, (5) tampered with his mail, (6) subjected him to "psychological advances," (7) subjected him to "sexual seductive bribery," (8) denied him medical care, (9) deprived him of food, (10) castrated him, attempted to change his gender from male to female, and attempted to turn him into a homosexual, and (11) gave him a deadly disease.[3]

Where, as here, a plaintiff requests injunctive relief concerning conduct unrelated to the underlying claims of his lawsuit, such relief is not appropriate. For example, in a case in which a prisoner tried a similar tactic, the United States Eighth Circuit Court of Appeals explained:

> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. See Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. See Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. See Stewart v. United States I.N.S., 762 F.2d 193, 198-99 (2d Cir. 1985). Thus, the district court correctly ruled as a matter of law that Devose was not entitled to a preliminary injunction.

Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Accord Power v. Starks, No. 4:16-CV-00045, 2017 WL 2062940, at *1 (N.D. Miss. May 12, 2017) ("Because a preliminary injunction depends on the prisoner's likelihood of success on the merits, a district court should not issue an

---

[3] The Court notes that it is given pause by the nature of some of plaintiff's allegations in his motion, in that they are akin to allegations often considered by federal courts to be delusional. Moreover, the Court is aware that a sanity commission has been appointed to evaluate plaintiff's mental state in his state criminal proceedings. Because a preliminary injunction is clearly unwarranted for the reasons explained herein, this Court's concerns regarding plaintiff's mental state need not delay a ruling on this pending motion. However, this Court will hold resolution of plaintiff's underlying claims in this lawsuit in abeyance until such time as the state court's assessment of plaintiff's mental state is complete.

injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit. Accordingly, courts have routinely declined to grant a prisoner injunctive relief related to conduct unrelated to the underlying claims of his lawsuit." (citations, quotation marks, and brackets omitted)); Lando & Anastasi, LLP v. Innovention Toys, L.L.C., Civ. Action No. 15-154, 2015 WL 12564201, at *2 (E.D. La. Oct. 15, 2015) ("[W]hile a preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." (quotation marks and brackets omitted)); Schwartz v. United States Department of Justice, Civ. Action No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." (citations and quotation marks omitted)).

Further, to the extent that petitioner's motion touches on matters related to the religious discrimination claims asserted in this lawsuit, he fails to establish that immediate injunctive relief is warranted for the following reasons.

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997);

see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; accord House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

Plaintiff has utterly failed to meet his burden to show that such an extraordinary remedy is warranted in this case involving fairly routine religious discrimination claims. For this Court to grant plaintiff immediate injunctive relief on those claims, it would be required to insert itself into the day-to-day operations of the Terrebonne Parish Criminal Justice Complex – an action that would run directly counter to the wide-ranging deference federal courts are to accord jail administrators in the adoption and execution of policies and practices which in their judgment are needed to preserve internal order and discipline and to maintain internal security. See Block v. Rutherford, 468 U.S. 576, 584-85 (1984). Such intrusiveness simply is not warranted at this early stage of this proceeding and would clearly undermine the public interest, especially in light of the fact that plaintiff has failed to identify any irreparable harm whatsoever which result to him if a

preliminary injunction is denied and his claims are instead adjudicated in the normal course of this litigation.

For all of this reasons, plaintiff's motion for a preliminary injunction is **DENIED**.

Plaintiff is hereby advised that he may file a motion for review of this Order by the United States District Judge.  See Local Rule 72.2.

New Orleans, Louisiana, this twenty-ninth day of November, 2017.

<br>

_____
**JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE**